## Daniels, Admin'r, v. The Prudential Insurance Co. of America.

*Insurance—Life insurance—Limitation as to amount—Excessive insurance.*

A life insurance company may provide in its policy that the beneficiary shall not receive more by the death of the insured than a maximum amount stated in a schedule set forth in the policy, and that if such amount has been collected on other policies upon the same life, the premiums paid, with interest thereon, shall be returned, but no other payments made.

Rule for judgment for want of a sufficient affidavit of defence. C. P. No. 5, Phila. Co., March T., 1921, No. 7951.

*J. E. Gallen,* for rule; *Shoyer & Arronson,* contra.

MARTIN, P. J., May 23, 1923.—The defendant issued two policies of insurance upon the life of a child named Martha Daniels, agreeing in one of the policies, in consideration of a weekly premium, to pay to the administrator of the insured, if at the date of her death the policy had been in force four years, $170; and in the other policy, if it had been in force two years, defendant agreed to pay $40.

The policies contained a provision if the insured should die one or more years after the date the policies were issued, and all premiums had been paid, the policies would be incontestable. A clause entitled "Maximum Amount of Insurance" provided if the child was already insured under a policy or policies issued by any company, and the amount of insurance paid under any such policy was less than the amount that would have been payable under the terms of the policies issued by defendant if there had been no other insurance, defendant's liability would be limited to the difference between the amounts called for by the policies issued by defendant and the amount payable by the terms of the policies already in force; but if the amount payable under the policies already in force was equal to or greater than the amount payable under defendant's policies, then defendant's policies should become void, except in so far as they provide that if the amount payable under the policies issued by defendant was reduced by reason of other insurance being paid, defendant was bound to return the premiums paid upon the amount of such reduction, together with 3½ per cent. per annum, compound interest.

One of the policies now in suit is dated Dec. 25, 1916, and was in force during four years. The other policy is dated Jan. 13, 1919, and was in force two years. The premiums were promptly paid until the child died on Nov. 1, 1921. Letters of administration were granted to the father. Proof of death was duly presented to defendant, and a demand was made for payment of the insurance, which was refused; but defendant offered to return the premiums paid upon the policy and compound interest.

Suit was instituted and a statement of claim filed. Defendant filed an affidavit of defence, in which it was averred that defendant, under a policy bearing date Aug. 25, 1911, paid a claim on the life of Martha Daniels amounting to $240; and that, under the terms of the policies, defendant's liability was limited to a return of premiums paid upon the policies in suit, with compound interest at the rate of 3 per cent., or $11.81 and $5.87, respectively.

Plaintiff entered this rule for judgment for want of a sufficient affidavit of defence.

The facts are undisputed. Plaintiff claims that the defence upon which defendant relies is barred by the clause in the policies providing that if the insured dies one or more years after the date of the policy, and the premiums have been paid, the policies are incontestable.

Daniels, Admin'r, v. The Prudential Insurance Co. of America.

Defendant is not contesting the policies, but avers that the statement in the affidavit of defence that a sum in excess of the amount claimed by plaintiff has been received by him from other insurance on the same child, by the very terms of the policies, reduces the liability of defendant to a return of premiums, with interest.

The policies provide for payment of a premium of 5 cents a week, and contain a schedule showing the amounts payable upon the death of the insured, which increases each year during the life of the policy; but it is provided that the beneficiary shall not receive more by the death of the insured than the maximum amount appearing in the schedule, and if that amount of money has been collected on other policies issued upon the same child, the premiums that have been received by the insurance company will be returned, with interest, and the agreement of insurance will be terminated.

A policy to discourage excessive insurance on the lives of children may have its basis in an unwillingness on the part of the insurance company to insure against a risk where there is a prospect of gain in excess of a reasonable sum to provide for funeral expenses, in the event of the death of the insured.

Whatever may be the public policy, there seems to be no legal ground to prevent insurance companies adopting it as their policy.

The insurance policies involved in this case provide for payment of $210 if no other insurance money is paid by reason of the death of the child Martha Daniels. If, however, $210 is collected through other insurance, the company, by the terms of its policies, is relieved from paying anything more than the premiums, with interest, as stipulated in the policies.

Rule discharged, without prejudice to the right of plaintiff to proceed to recover the amounts admitted to be due.